UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER MICHAEL EVANS<br><br>Petitioner,<br><br>v.<br><br>COLLIER COUNTY JAIL,<br><br>Respondent. | Civil Action No. 23-CV-11260-AK |

**ORDER**

**A. KELLEY, D.J.**

Alexander Michael Evans, who is representing himself in this matter, has filed a pleading in which it appears he is challenging his present custody at the Collier County Jail in Seminole, Florida. In his pleading, he "claim[s] [himself] as a sovereign citizen," asserts that "all government officials are on notice of [his] citizen discharge," and alleges that "the charges associated to the straw man is not [his] person." [Dkt. #1]. He represents that he has a Social Security number, but that he "did not sign up for this contract." *Id.* Evans states that he has "ask[ed] [his] kidnapper & commander under what law they are operating, the law of the sea or the law of the land." *Id.*

Because it appears that Evans is challenging the validity of his confinement, the Court construes the initiating pleading as a petition for writ of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (stating that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"). However, "[d]istrict courts are limited to granting habeas relief 'within their respective

jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Thus, unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.  As Evans challenges his physical confinement in the Middle District of Florida, the Court is without jurisdiction over the present petition.

When a district court lacks jurisdiction over an action, it "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.  Here, it is not in the interest of justice to transfer this action because Evans has not set forth a cognizable claim that his custody is in violation of federal law.

Accordingly, the petition is **DENIED** and the action is **DISMISSED** for lack of jurisdiction.

**SO ORDERED.**

Dated:  September 13, 2013                           /s/ Angel Kelley
                                                    Hon. Angel Kelley
                                                    United States District Judge